# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

E&R VENTURE PARTNERS, LLC, a
California limited liability company,

        Plaintiff,

vs.

PARK CENTRAL PLAZA 32, LLC, a
revoked Nevada limited liability company,

        Defendant

Case No.: 2:16-cv-02959-RFB-GWF

**ORDER**

      This matter is before the Court on Plaintiff's Memorandum of Expenses Filed in Compliance with Order Granting Plaintiff's Motion to Compel and Denying Defendant's Counter-Motion for Protective Order (ECF No. 38), filed on May 15, 2017. Defendant filed its Opposition (ECF No. 40) on May 30, 2017. Plaintiff filed its Reply (ECF No. 41) on June 5, 2017.

## **BACKGROUND**

      This matter arises from a breach of contract, breach of implied covenant of good faith and fair dealing, fraudulent transfer, and declaratory relief dispute regarding an agreement for legal services. Plaintiff is an assignee of Enenstein Ribakoff Lavina & Pham, APC which represented Defendant Park Central Plaza 32, LLC in a lawsuit against Nevada State Bank ("NSB"). Defendant and NSB settled the case in November 2015. Plaintiff alleges that Defendant received a payment of money pursuant to the settlement. Plaintiff seeks recovery of fees that its assignor is allegedly entitled to pursuant to its agreement for legal services with Defendant. *See Complaint* (ECF No. 1).

      On April 5, 2017, Plaintiff filed a motion to compel Defendant to disclose information and documentation concerning the NSB settlement agreement. Defendant filed its response (ECF No. 27)

on April 19, 2017 and Plaintiff filed its reply (ECF No. 31) on April 26, 2017. Defendant filed its motion for protective order (ECF No. 29) on April 24, 2017. Plaintiff filed its response (ECF No. 34) on April 28, 2017. The Court conducted a hearing in this matter on May 1, 2017. The Court granted Plaintiff's motion to compel Defendant to disclose information and documentation concerning the NSB settlement agreement on May 2, 2017. ECF No. 36. The Court further awarded Plaintiff its reasonable expenses, including attorney's fees, incurred in pursuing its motion to compel.

## **DISCUSSION**

The Supreme Court has held that reasonable attorney fees must "be calculated according to the prevailing market rates in the relevant community," considering the fees charged by "lawyers of reasonably comparable skill, experience, and reputation." *Blum v. Stenson*, 465 U.S. 886, 895-96 n. 11, 104 S.Ct. 1541 (1984). Courts typically use a two-step process when determining fee awards. *Fischer v. SJB-P.D. Inc.*, 214 F.3d 1115, 1119 (9th Cir. 2000). First, the Court must calculate the lodestar amount "by taking the number of hours reasonably expended on the litigation and multiplying it by a reasonable hourly rate." *Id.* Furthermore, other factors should be taken into consideration such as special skill, experience of counsel, and the results obtained. *Morales v. City of San Rafael*, 96 F.3d 359, 364 n. 9 (9th Cir. 1996). "The party seeking an award of fees should submit evidence supporting the hours worked and rates claimed . . . [w]here the documentation of hours is inadequate, the district court may reduce the award accordingly." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). Second, the Court "may adjust the lodestar, [only on rare and exceptional occasions], upward or downward using a multiplier based on factors not subsumed in the initial calculation of the lodestar." *Van Gerwen v. Guarantee Mut. Life Co.*, 214 F.3d 1041, 1045 (9th Cir. 2000).

Plaintiff requests $269.16 in costs and $21,072.00 in attorney's fees based on 44.8 hours of work performed drafting briefs for the motion to compel, performing legal research, drafting its response to Defendant's motion for protective order, and attending the hearing set on the motions. That amount is based on work performed by Tamara Beatty Peterson, Esq. at an hourly rate of $495.00, Nikki L. Baker, Esq. at an hourly rate of $475.00, and Benjamin K. Reitz, Esq. at an hourly rate of $270.00. Defendant argues that Defendant's counsel's hourly rates are excessive and unsubstantiated. *Opposition* (ECF No. 40), pg. 4. After reviewing Plaintiff's memorandum of expenses and affidavit of

Benjamin K. Reitz, Esq., the Court finds that Plaintiff has offered sufficient evidence that the respective hourly rates of Plaintiff's counsel are reasonable.

Plaintiff requests reimbursement for 44.8 hours of work based on time spent on Plaintiff's motion to compel and responding to Defendant's related motion for protective order. Defendant argues that the amount of time expended is grossly disproportionate for the nature of the motion and that Plaintiff's counsel's individual billing entries appear to be excessive. *Opposition* (ECF No. 40), pg. 3. The records submitted by Plaintiff confirm that significant time was spend drafting the motion and reply. ECF No. 38-2. Based on its review of the billing records and affidavit of counsel, the Court finds that Plaintiff's calculation of 44.8 hours is excessive. The Court finds that the work involved in preparing the motion to compel, the associated reply, the response to Defendant's motion for protective order, and preparing for and attending the hearing should be reduced to 21.4 hours of attorney labor. As a result, the Court will award Plaintiff reasonable attorney's fees associated with bringing the motion to compel in the amount of $10,061.00.

Lastly, Plaintiff requests reimbursement of costs in the amount of $269.16 associated with performing legal research. Costs incurred in conducting legal research can be recoverable as a reasonable expense under Rule 37(a)(5). *Greene v. Alan Wexler Grp. Charter Servs., LLC*, 2014 WL 1347788, at *3 (D. Nev. Apr. 4, 2014). Counsel attests in his affidavit that costs incurred for electronic legal research were specifically for the motion to compel and responding to Defendant's motion for protective order. The Court finds the costs incurred to be reasonable and awards Plaintiff $269.16 in costs for legal research. Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Memorandum of Expenses Filed in Compliance with Order Granting Plaintiff's Motion to Compel and Denying Defendant's Counter-Motion for Protective Order (ECF No. 38) is **granted**. Defendant is ordered to pay Plaintiff the total sum of $10,330.16. Defendant is ordered to make the payment to Plaintiff by **October 16, 2017**.

DATED this 18th day of September, 2017.

_____
GEORGE FOLEY, JR.
United States Magistrate Judge